George Lavern SMITH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18383.

United States Court of Appeals Ninth Circuit.

July 30, 1963.

732

Lester W. Blodgett, San Jose, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, A. Robert Throckmorton and David Nissen, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before CHAMBERS, MERRILL and KOELSCH, Circuit Judges.

CHAMBERS, Circuit Judge.

Smith was convicted under 18 U.S.C. § 1407[1] for failure to register at the United States border station at the crossing at San Ysidro, California—Tia Juana, Baja California.

We affirm the judgment.

On appeal, counsel for Smith has ably briefed two questions: 1. Was the evidence sufficient? 2. Had Smith really been convicted in Arkansas of a narcotics offense?

■ On the sufficiency of the evidence, the testimony produced what we think was a strong circumstantial case that defendant had crossed into Mexico and crossed back into the United States. (If so, and if Smith had been convicted in Arkansas of a narcotics offense, he should have registered both going out of and coming into the United States.) No one witness was produced who actually saw Smith cross the line of the border about a hundred feet south of the United States checking station, but he was first seen coming from the proximity of the line. (Smith testified and denied that he ever crossed.) But it was a strong circumstance that he was in the crossing line for returnees[2]—if he hadn't crossed there was no reason for him to get in the line. The officer said he asked questions as to whether he, Smith, had brought back any merchandise. There was neither at the time he stopped or when he was arrested any statement by him that he had not been across. If he had not been across, one who has ever passed a border station knows that if one has not been across the line when questioned by officers one instinctively says he hasn't. Of course, the human possibility exists that Smith never crossed. That possibility exists even though a dozen eye witnesses say defendant crossed and he denies it or remains silent. Although there was no duty to speak, the jury could consider whether under such circumstances the ordinary person would speak up. The jury was entitled to find the case proved beyond a reasonable doubt as to the crossing.

■ Defendant a month before the crossing had pleaded guilty in Little Rock to a state charge of violating the narcotics laws of Arkansas. On May 7, 1962, a very few days before his arrest at San Ysidro, he was sentenced to a term in prison which the Arkansas court suspended on condition Smith leave the state. Counsel says the condition of leaving the state was an unconstitutional condition and, ergo, there was no conviction. We cannot agree. After a plea of guilty there is (whether expressed or

---

1. In pertinent part, 18 U.S.C. § 1407 provides as follows:

"* * * [N]o citizen of the United States * * * who has been convicted of a violation of any of the narcotic or marihuana laws of the United States, or of any State thereof, the penalty for which is imprisonment for more than one year, shall depart from or enter into or attempt to depart·from or enter into the United States, unless such person registers, under such rules and regulations as may be prescribed by the Secretary of the Treasury with a customs official, agent, or employee at a point of entry or a border customs station. * * *"

2. Under applicable regulations issued under § 1407, on departure, if a person belongs to the class required to register, he obtains a certificate or slip at the United States customs house which he presents when he crosses back into the United States.

not) implicit in the imposition of the sentence a determination of the guilt of the defendant as well as the pronouncement of the penalty. If an illegal sentence was imposed, and here we assume (but do not decide) for the purposes of this case that one was so imposed, the defendant was entitled to be resentenced. That does not vitiate the determination of guilt. We have had in recent years the duty of remanding cases for resentencing because a defendant himself had not been offered the right of allocution. In that series of cases, no one has yet suggested that the resentencing required a redetermination of guilt. And we do not believe any such suggestion would have merit.

We have examined the other specifications of error asserted by appellant, but cannot agree with them.