**Daniel Francis MARZANO,
Petitioner–Appellee,**

v.

**Lawrence KINCHELOE,
Respondent–Appellant.**

**No. 89–35891.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 1990.

Decided Oct. 2, 1990.

Thornton Wilson, Asst. Atty. Gen., Corrections Div., Olympia, Wash., for respondent-appellant.

Rita J. Griffith, Washington Appellate Defender, Seattle, Wash., for petitioner-appellee.

Before HUG, NELSON and BRUNETTI, Circuit Judges.

HUG, Circuit Judge:

The State of Washington appeals the district court's grant of Daniel Marzano's 28 U.S.C. § 2254 (1988) habeas petition. Marzano was sentenced to life imprisonment without the possibility of parole on one of the two counts of murder to which he pled guilty. The district court granted the petition for the reason that a sentence of life imprisonment without the possibility of parole cannot be constitutionally imposed on Marzano under the Washington statute upon which his conviction was based. We affirm.

### I.

On February 27, 1980, the State charged Marzano with two counts of first degree murder. On March 17, 1980, Marzano entered into a plea agreement with the State. Marzano pled guilty to two murder counts and stipulated that there was one or more aggravating circumstances; that there were mitigating circumstances which would merit leniency; and that he understood he would be sentenced to life imprisonment without the possibility of parole.[1]

Marzano was sentenced to life imprisonment without the possibility of parole for count I (first degree murder with aggravating circumstances), and life imprisonment with the possibility of parole for count II (first degree murder). His life sentences were to run consecutively.

Relying on *State v. Martin*, 94 Wash.2d 1, 614 P.2d 164 (1980), Marzano filed a personal restraint petition in state court, seeking to reduce his sentence on Count I to life imprisonment with the possibility of parole. The Washington Supreme Court denied Marzano's petition. It held that *Martin* did not aid Marzano because Marzano was bound by his plea bargain.

Next, Marzano challenged his sentence in this federal habeas corpus action. Following a hearing and report by a magistrate, the district court entered summary judg-

---

1. In the State of Washington, defendants have the statutory right to plead guilty to murder. *See State v. Martin*, 94 Wash.2d 1, 614 P.2d 164, 165–66 (1980). Further, the state court must accept the guilty plea if it was made competently, knowingly and voluntarily. *Id.* 614 P.2d at 165.

ment granting the writ of habeas corpus on the grounds that "there is no constitutional or permissible way for petitioner to have received his current sentence of life imprisonment without the possibility of parole based upon his plea of guilty."

## II.

■ We review *de novo* the decision to grant or deny a petition for habeas corpus. *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1398 (9th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 344, 107 L.Ed.2d 332 (1989). Marzano was sentenced pursuant to a former Washington statute, Wash.Rev.Code § 9A.32.40 (repealed 1981), which read:

(1) If, pursuant to a special sentencing proceeding held under RCW 10.94.020, the *jury finds* that there are one or more aggravating circumstances and that there are not sufficient mitigating circumstances to merit leniency, and makes an affirmative finding on both of the special questions submitted to the *jury* pursuant to RCW 10.94.020(10), the sentence shall be death;

(2) If, pursuant to a special sentencing proceeding held under RCW 10.94.020, the *jury finds* that there are one or more aggravating circumstances but fails to find that there are not sufficient mitigating circumstances to merit leniency, or the *jury answers* in the negative either of the special questions submitted pursuant to RCW 10.94.020(10), *the sentence shall be life imprisonment without possibility of release or parole.*

(Emphasis added.)

In *Martin*, the Washington Supreme Court held that under the specific provisions of section 9A.32.040, the sentence of death or life imprisonment without the possibility of parole could only be entered after a jury had made specific findings. *Martin*, 614 P.2d at 167. Thus, a defendant who pled guilty or was tried before the court could only receive a maximum of life imprisonment with the possibility of parole. *Id.* at 165. This initial holding of *Martin*, that a sentence of death or life imprisonment without the possibility of parole could not be entered on a plea of

guilty, was subsequently upheld in *State v. Frampton*, 95 Wash.2d 469, 627 P.2d 922 (1981). *See id.* 627 P.2d at 939 (Rosellini, J., dissenting in part) ("[t]he majority today decides to adhere to *State v. Martin*, where it held that there is no statutory provision for the imposition of the death penalty, or a life sentence without possibility of parole, upon one who pleads guilty to a charge of first degree murder").

However, the court in *Frampton* went on to hold that if the defendant chose to go to a jury trial, the sentence of life imprisonment without the possibility of parole could be imposed. *Id.* at 944 (Rosellini, J.), 944 (Dore, J.), 944 (Stafford, J.), 953 (Dimmick, J.), 953 (Hicks, J.), 953 (Brachtenbach, C.J.).

Thereafter, in ruling on a federal petition for habeas corpus involving the same group of defendants that were involved in *Frampton*, we disagreed with the *Frampton* holding and held that it was also unconstitutional to sentence a defendant to life imprisonment without the possibility of parole even if he went to trial because that defendant could not be so sentenced if pled guilty or went to trial before the court. *Robtoy v. Kincheloe*, 871 F.2d 1478, 1480–81 (9th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1483, 108 L.Ed.2d 619 (1990). We held, under the rationale of *United States v. Jackson*, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), that this penalized the exercise of his Sixth Amendment right to a jury trial; the risk of death was the price for exerting this right. *Id.* We held that the rationale of *Jackson* was applicable to this situation because "the difference between life sentences with and without possibility of parole is a disparity significant enough to invoke *Jackson*." *Id.* at 1481.

For purposes of this appeal, it is most significant to note that in all of these cases, *Martin*, *Frampton*, and *Robtoy*, it was acknowledged that a defendant could not receive a sentence of death or life imprisonment without the possibility of parole if he pled guilty.

■ The Washington Supreme Court, in response to Marzano's personal restraint

petition, held that because the petitioner had agreed to plead guilty with an understanding that he would be sentenced to life imprisonment without possibility of parole, that he had, in essence, waived his potential constitutional claim. The court went on to observe that because Marzano received a sentence allowable under the statute, had he insisted upon his right to a jury trial, his plea bargain, to which he freely agreed, should not be overturned. The court stated, "[H]ad Mr. Marzano been convicted of aggravated first degree murder following a jury trial, he would have received a sentence of life without the possibility of parole."

The court's reasoning is flawed for several reasons. First, "[c]laims that the 'applicable statute is unconstitutional ...' are jurisdictional claims not waived by the guilty plea." *United States v. Montilla*, 870 F.2d 549, 552 (9th Cir.1989) (citations omitted), *amended on other grounds*, 907 F.2d 115 (9th Cir.1990). Accordingly, Marzano did not waive his constitutional attack on the Washington statute by pleading guilty. *See also Journigan v. Duffy*, 552 F.2d 283, 288 (9th Cir.1977).

Next, as we held in *Robtoy*, Washington's statute imposing the sentence of life imprisonment without the possibility of parole was unconstitutional. *Robtoy*, 871 F.2d at 1483. Therefore, Marzano could not have been constitutionally sentenced to life imprisonment without the possibility of parole had he gone to trial before a jury.[2] *See also Sumner v. Shuman*, 483 U.S. 66, 107 S.Ct. 2716, 2728, 97 L.Ed.2d 56 (1987) (defendant sentenced under an unconstitutional state death penalty statute was entitled to resentencing).

 Further, we conclude that Marzano was illegally sentenced. It is clear under *Martin, Frampton,* and *Robtoy* that there is no statutory authority to impose a sentence of life imprisonment without the possibility of parole when a defendant

pleads guilty. *See United States v. Fowler*, 794 F.2d 1446, 1449 (9th Cir.1986) (A sentence is illegal if it is " 'not authorized by the judgment of conviction' ... or [is] 'in excess of the permissible statutory penalty for the crime' or in violation of the constitution."), *cert. denied*, 479 U.S. 1094, 107 S.Ct. 1309, 94 L.Ed.2d 153 (1987) (citations omitted). When defendants are illegally sentenced and the court exceeds its sentencing authority, the excessive portion is void and the defendant should be resentenced. *See United States v. Garren*, 893 F.2d 208, 211–12 (9th Cir.1989) (excessive portion is void when court exceeds sentencing authority); *Smith v. United States*, 321 F.2d 731, 733 (9th Cir.1963) (if an illegal sentence is imposed, the defendant is entitled to be resentenced), *cert. denied*, 375 U.S. 988, 84 S.Ct. 523, 11 L.Ed.2d 475 (1964).[3]

Here, the sentence of life imprisonment without the possibility of parole was not authorized, it was in excess of the permissible statutory penalty, and was unconstitutional. The Washington court lacked the power under its own statute to sentence Marzano to life imprisonment without the possibility of parole *without the aid of a jury. See Martin*, 614 P.2d at 165. This lack of power was not changed by the fact that Marzano agreed to the sentence in a plea agreement. The Washington court cannot constitutionally sentence a defendant to a sentence not authorized by law. Accordingly, we affirm the district court's grant of Marzano's petition.

AFFIRMED.

---

**2.** In *Robtoy*, we applied *Martin* retroactively. We did so because *Martin* "neither altered nor added to Washington's death penalty statute, but merely interpreted it." *Robtoy*, 871 F.2d at 1481. Accordingly, *Martin* and *Robtoy* can be used retroactively in the instant case.

**3.** The remand for resentencing, however, "does not vitiate the determination of guilt." *Smith*, 321 F.2d at 733.