**John Joseph CAMILLO, Appellant,**

v.

**William ARMONTROUT, Appellee.**

No. 90–1083.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 12, 1990.

Decided July 10, 1991.

Michael Gorla, Clayton, Mo., for appellant.

William Bryan, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before McMILLIAN and BEAM, Circuit Judges, and ROSENBAUM,* District Judge.

ROSENBAUM, District Judge.

Defendant appeals the district court's denial of habeas relief under 28 U.S.C. § 2254. We reverse the denial of the writ and remand for reconsideration of defendant's classification as a persistent offender and for consequent reconsideration of sentence.

## I. *Background*

On July 12, 1984, John Camillo was convicted by a Missouri state court jury of two counts of arson in the second degree. The trial court judge determined that Camillo was a persistent offender subject to enhanced sentencing and, under the enhanced sentencing scheme, sentenced him to two consecutive ten year terms of imprisonment. On direct appeal, the Missouri Court of Appeals affirmed defendant's convictions in *State v. Camillo*, 694 S.W.2d 517 (Mo.Ct.App.1985). Defendant next sought post-conviction relief under Missouri Supreme Court Rule 27.26.[1] Defendant's motion was denied, appealed, and affirmed by the Missouri Court of Appeals in *Camillo v. State*, 757 S.W.2d 234 (Mo.Ct.App.1988). After his state petition for habeas corpus was denied, defendant sought federal habeas relief from the United States District Court for the Western District of Missouri[2], pursuant to 28 U.S.C. § 2254. Defendant presented three grounds for relief: admission of evidence of prior crimes at his

trial, ineffective assistance of counsel, and his absence from the persistent offender hearing. The federal district court denied the petition and this appeal followed.

## II. *Discussion*

As to the first two asserted grounds, this Court summarily denies the requested relief after careful consideration of the defendant's arguments. The Court adopts the well-reasoned views of the court below. 8th Cir.R. 47B. For his third claim of entitlement to habeas relief, defendant argues that he was given persistent offender treatment in violation of his right to due process. This claim merits more extensive consideration.

■ Under Missouri law, a defendant's sentence may be enhanced if he is found to be a prior offender, persistent offender, or dangerous offender. Mo.Rev.Stat. § 558.016. Under this statute, the Court must make findings of fact which "warrant a finding beyond a reasonable doubt" that a defendant qualifies for enhanced sentencing. Mo.Rev.Stat. § 558.021(1)(3).[3]

Here, the trial court made its findings at a pre-trial motion in the trial judge's chambers. The defendant claims he had no notice of this proceeding and further that he was not in attendance. The trial transcript does not reflect his presence. The in-chambers ruling apparently arose when the prosecution moved that defense counsel refrain from mentioning punishment during the trial. In support of this motion, but in chambers, the State claims it offered proof that Camillo had been convicted of robbery, murder, and escape and would therefore be eligible for sentencing as a persistent offender.

---

* The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

1. Rule 27.26 has since been repealed, effective January 1, 1988.

2. The cause was later transferred to the Eastern District of Missouri.

3. The question of whether or not the trial court complied with the Missouri statute is not nor-

mally reviewable by a federal court on habeas. 28 U.S.C. § 2254(a). We note, however, that Missouri courts have consistently found plain error when a trial court failed to comply with the statutory requirements of a persistent offender hearing. *State v. Allen*, 702 S.W.2d 530, 534 (Mo.Ct.App.1985); *State v. Davis*, 663 S.W.2d 301, 304 (Mo.Ct.App.1983) (commenting that the procedures of § 558.021 were enacted to guarantee defendants' constitutional rights to due process).

Based on the State's offer, the Court granted the State's motion. Later, at sentencing, the trial court used the information gleaned from this pre-trial proceeding to establish defendant's eligibility for enhanced sentencing as a persistent offender.

When enhanced punishment depends upon evidence of prior criminal convictions, defendants have a right to procedural due process.[4] *Specht v. Patterson,* 386 U.S. 605, 610, 87 S.Ct. 1209, 1212, 18 L.Ed.2d 326 (1967); *Oyler v. Boles,* 368 U.S. 448, 452, 82 S.Ct. 501, 503, 7 L.Ed.2d 446 (1962); *Chandler v. Fretag,* 348 U.S. 3, 8, 75 S.Ct. 1, 4, 99 L.Ed. 4 (1954). The State argues that this right to due process does not include the right to be personally present at the proceeding.[5] This position directly contravenes the Supreme Court's direction in *Specht,* that in the context of enhanced sentencing for prior criminal conduct, due process requires the defendant to be "present with counsel, have an opportunity to be heard, be confronted with witnesses against him, have the right to cross-examine, and to offer evidence of his own." *Specht v. Patterson,* 386 U.S. at 610, 87 S.Ct. at 1212.[6]

The State has wholly failed to demonstrate any evidence that defendant had notice of the proceeding or an opportunity to be present to challenge the evidence of prior convictions. The State argues that defendant cannot bring this due process claim without establishing that he was not present, citing a case which held that the law presumes a defendant's presence at

trial. *Webb v. State,* 589 S.W.2d 89 (Mo.Ct. App.1979). This Court is not persuaded that defendant bears the burden of establishing that he was not present, or that the Court can presume defendant's presence from a silent record.

Thus, under *Oyler* and *Specht,* this Court finds that the procedures under which defendant was sentenced as a persistent offender did not comply with the requirements of due process.[7] Accordingly, we reverse the district court's dismissal of the petition for writ of habeas corpus and remand this issue to the district court for an evidentiary hearing.

### III. Conclusion

We affirm the denial of habeas relief on all grounds except for the claim regarding the persistent offender hearing. We vacate the judgment as to the question of persistent offernder status and remand that issue to the federal district court. If the State fails to establish that the persistent offender hearing met the due process standards set out in *Specht,* the district court is directed to issue a writ of habeas corpus vacating the defendant's sentence and directing reconsideration of his persistent offender status by the sentencing court.

---

4. Missouri law also requires that defendants be afforded "full rights of confrontation and cross-examination, with the opportunity to present evidence" at persistent offender hearings. Mo. Rev.Stat. § 558.021.

5. Accordingly, the district court found that defendant did not establish a constitutional right to be present at the pre-trial proceeding.

6. The State argues, further, that defendant's due process rights were sufficiently safeguarded by the presence of his counsel at the pre-trial motion proceeding. The Supreme Court, however, has consistently held that, even in situations where the defendant is not actually confronting witnesses or evidence against him, he has a due process right to be present "to the extent that a fair and just hearing would be thwarted by his

absence." *Kentucky v. Stincer,* 482 U.S. 730, 745, 107 S.Ct. 2658, 2667, 96 L.Ed.2d 631 (1987) (*quoting Snyder v. Massachusetts,* 291 U.S. 97, 108, 54 S.Ct. 330, 333, 78 L.Ed. 674 (1934)).

7. The State also suggests that if this Court establishes that defendant had a constitutional right to be present at the motion where his persistent offender status was established, this Court would be establishing "new law" on collateral review in violation of *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). In view of the well-established precedent existing at the time of defendant's conviction, as dictated by the Supreme Court in *Oyler* and *Specht* and by the Missouri statute, this view is rejected.