**William A. JONES, Jr., Appellant,**

v.

**Bill ARMONTROUT, Appellee.**

No. 91–1853.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 10, 1991.

Decided Jan. 8, 1992.

Curtis Blood, Collinsville, Ill., argued, for appellant.

Frank Jung, Asst. Atty. Gen., Jefferson City, Mo., argued, for appellee.

Before ARNOLD, Circuit Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.

ARNOLD, Circuit Judge.

This is a petition for habeas corpus filed under 28 U.S.C. § 2254 by William A. Jones, Jr., a prisoner in state custody. Jones claims that his federal rights were violated when a Missouri statute, enacted after his conviction, was not applied to reduce his sentence. The District Court [1]

---

**1.** The Hon. John F. Nangle, Senior United States District Judge for the Eastern District of Mis-  souri.

disagreed with Jones's contention and dismissed his petition. We affirm.

■ On August 29, 1988, Jones pleaded guilty to three drug offenses. He was sentenced to three concurrent terms of 10 years. At the time, the maximum punishment for the offenses in question was 20 years. Mo.Ann.Stat. § 195.200.1(1) (Vernon 1983). Later, on August 28, 1989, the maximum penalty was reduced to seven years. Mo.Ann.Stat. § 195.202 (Vernon Supp.1991). At the bottom of Jones's theory of relief is Mo.Ann.Stat. § 1.160 (Vernon 1969), which, he claims, entitles him to a reduction of sentence to three concurrent seven-year terms. This statute provides in pertinent part:

> No offense committed ... or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, ... except ... that if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law.

The District Court interpreted this provision not to apply to Jones's case, because the prosecution against him was no longer pending at the time the law reducing the punishment became effective. Jones claims, as a matter of statutory interpretation, that the District Court was mistaken, but that contention, even if we agreed with it, would not entitle him to federal habeas corpus relief. An incorrect application of state law, without more, does not establish that a prisoner is being held in violation of the laws or Constitution of the United States, which is a prerequisite for relief under Section 2254 of the Judicial Code.

■ In an attempt to avoid the force of this reasoning, Jones's appointed counsel, who has shown considerable ingenuity on behalf of his client, also makes a Sixth Amendment argument. This amendment, made applicable to the states through the Due Process Clause of the Fourteenth Amendment, entitled Jones to the effective assistance of counsel, the argument runs.

If counsel had filed an appeal from Jones's conviction, the appeal would probably have still been pending at the time the new, seven-year penalty became effective. And, even if no appeal had been filed, counsel would have had one year, that is, until August 29, 1989, within which to file a motion for a belated appeal under Mo.Sup. Ct.R. 30.03. The one-year period expired just one day after the effective date of the new, more lenient sentencing statute. So, even if the motion for leave to file a late notice of appeal had ultimately been denied, Jones's case would have been pending when the new law became effective, and he would have been entitled to its benefit.

There are a number of problems with this argument. In the first place, Jones did have counsel at the time he pleaded guilty and was sentenced. If there had been anything to appeal, counsel would no doubt have appealed. Jones does not claim that there would have been any basis for an appeal, and, in view of the fact that the convictions were based on pleas of guilty, we cannot think of any basis, either. Jones points out that the bill which ultimately reduced the penalty to seven years was introduced in the Missouri State Senate on January 9, 1989, so a lawyer, if one had been appointed for him, could have found out about the bill, followed its progress, and been ready to file an appropriate motion at the time it became effective. We are unaware of any authority that would impose such a far-ranging obligation on a state. One against whom a criminal prosecution has been filed is entitled to counsel, either retained or appointed. But once the prosecution is complete, there is no requirement, at least none in the federal Constitution, that counsel stay with the defendant, so to speak, in case some later event, not even foreseeable at the time of the conviction, should occur to entitle the defendant to some sort of relief.

On this theory, every person convicted of crime would be assigned counsel by the state simply for the purpose of watching to see if anything potentially favorable, in the form of a new law or otherwise, might happen. We can understand Jones's disap-

pointment that, as things worked out in his case, he had no lawyer standing by to try to take advantage of the new statute at the proper time. We are clear, though, that the absence of this kind of standby counsel does not infringe any federal constitutional right.

Affirmed.