**Jack HIGGINS, Appellee,**

v.

**Don SMITH, Superintendent of Fulton Reception and Diagnostic Center, Appellant.**

**No. 92–3224.**

United States Court of Appeals, Eighth Circuit.

Submitted March 18, 1993.

Decided April 13, 1993.

Ronald Jurgeson, Asst. Atty. Gen., Jefferson City, MO, argued (Frank A. Jung and William Webster, on the brief), for appellant.

Charles A. Parmenter, St. Louis, MO, argued, for appellee.

Before MORRIS SHEPPARD ARNOLD, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and KYLE,* District Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

This is a habeas corpus case. Petitioner asserts that he was given a sentence in excess of that permitted by state law because an amendment to Missouri's drug laws that reduced the maximum possible sentence, *see* Mo.Rev.Stat. § 195.211, was applicable to his case but mistakenly not applied to it by his sentencing court. (*See State v. Freeman*, 791 S.W.2d 471, 473 (Mo.Ct.App.1990), holding that Mo.Rev. Stat. § 1.160(2) makes the relevant amendment applicable to petitioner.) The district court agreed with petitioner's construction of state law (as we do), granted him summary judgment, and remanded the case to

the relevant state court for resentencing. The State of Missouri appeals.

Respondent claims, first, that the district court erred in reaching the merits of petitioner's case because he did not raise the sentencing issue in the state trial court, on appeal, or in his application for post-conviction relief. In response, petitioner invites our attention to our holding that a person sentenced under a statute not applicable to his case is "actually innocent" of the penalty imposed, and thus that any procedural bar is lifted. *See Jones v. Arkansas*, 929 F.2d 375, 380–81 (8th Cir.1991), applying *Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 2668, 91 L.Ed.2d 434 (1986). Petitioner argues that his circumstances qualify him for an application of the *Jones* principle.

It is not clear to us that *Jones* is still good law in the context of a noncapital case. *See Sawyer v. Whitley*, — U.S. —, — – —, 112 S.Ct. 2514, 2522–23, 120 L.Ed.2d 269 (1992). Even if it is, however, we disagree that it is applicable in this case. In *Smith*, 477 U.S. at 537, 106 S.Ct. at 2668, the case relied on by the *Jones* court, the Supreme Court cited an earlier holding that special dispensation was due to that narrow class of persons who could demonstrate that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent,'" quoting *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2650, 91 L.Ed.2d 397 (1986). Here, petitioner points to no constitutional violation that resulted in his conviction (or in his sentence), merely a mistaken application of a state statutory provision. In *Jones*, 929 F.2d at 381, the constitutional violation was the application of a statute in an *ex post facto* fashion to the petitioner, and it was this violation that served both to lift the procedural bar and to allow him to win on the merits. In contrast, there was no *ex post facto* application of a statute to the present petitioner and, therefore, even if the procedural bar could be lifted by some other means, petitioner could not prevail on the merits. (Of

* The HONORABLE RICHARD H. KYLE, United States District Judge for the District of Minnesota, sitting by designation.

course, ineffective assistance of counsel at sentencing, if any, could operate as cause for the procedural default, *see Wainwright v. Sykes*, 433 U.S. 72, 90–91, 91 n. 14, 97 S.Ct. 2497, 2508–09, 2508 n. 14; 53 L.Ed.2d 594 (1977), and thus cure it, but petitioner has failed to make this argument and there is therefore no such claim before us.)

Nor is *Camillo v. Armontrout*, 938 F.2d 879 (8th Cir.1991), relied on by petitioner, of any avail to him. The court in that case held that it was a violation of the due process guaranteed by the Fourteenth Amendment for a person subject to enhanced punishment for past criminal conduct not to be allowed to be present at the hearing at which the fact of past convictions is proved up. *Id.* at 881. That case raised a plain constitutional error and, moreover, the report does not reveal that procedural default was at issue.

We conclude, therefore, that the district court incorrectly applied *Jones* because petitioner alleges nothing more in his habeas petition than an error in the interpretation and application of state law. It is not unconstitutional for a state court (or any other) to make a mistake, particularly if the relevant matter was never properly argued to it. If we were to hold that the mistake complained of here was a constitutional one, say, because it violates due process to incarcerate a person beyond his term, or offends the prohibition against cruel and unusual punishment to do so, then there would be no effective boundaries to habeas inquiries. Such a view would render nugatory the statutory injunction to entertain applications for habeas from a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," *see* 28 U.S.C. § 2254(a), because every substantial error in a criminal case would be constitutionalized.

For the reasons indicated, we reverse the judgment of the district court.

FLOYD R. GIBSON, Senior Circuit Judge, dissenting.

I agree with the majority that Higgins was sentenced to a term of imprisonment greater than that permitted by state law. However, I disagree with the majority's conclusion that habeas relief is unavailable and therefore I respectfully dissent.

I first part company with the majority when it intimates that the actual innocence exception to the exhaustion requirement is somehow doubtful in noncapital cases. *Ante* at 441. I see nothing in *Sawyer* that suggests the actual innocence exception is inapplicable in cases challenging sentences of incarceration.

My more fundamental disagreement arises from the majority's conclusion that there has been no constitutional violation in this case. Though Higgins did fail to present this issue to the state courts, the majority seems to indicate (and I agree) that the sole barrier to reviewing his claim under the actual innocence exception is the lack of a constitutional violation. Thus, if there has been such a violation, Higgins would be entitled to relief.

It is important to note that nobody has seriously contended that the correct statute was used to sentence Higgins. This conclusion is obvious from reading Mo.Rev. Stat. § 1.160(2) and the many state court decisions—including *Freeman*—construing this statutory provision.

It also appears obvious to me that it is a violation of due process for a court to impose a sentence greater than that authorized by the legislature. *Cf. Marzano v. Kincheloe*, 915 F.2d 549, 552 (9th Cir.1990) (A "court cannot constitutionally sentence a defendant to a sentence not authorized by law."). The majority avoids confronting this premise by describing the error in this case as "nothing more ... than an error in the interpretation and application of state law." *Ante* at 442. Of course, if the claimed error depended upon the resolution of a conflict as to a statute's meaning, the matter would be wholly a matter of state law. However, there is no claimed error in interpretation; no construction of state law is required to make clear that at the time Higgins was sentenced, Missouri law allowed a maximum sentence of seven years—three years less than the sentence actually imposed. Moreover, the mere fact

that the error can be characterized as a misapplication does not mean there has not been a violation of the Constitution. The majority ignores that a misapplication may be so clear, obvious, and fundamental that it does violate traditional notions of due process and is not just "a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 875, 79 L.Ed.2d 29 (1984).[1] I believe this to be such a case; the error is as clear as if the sentencing court had chosen to totally ignore the law and impose a twenty year sentence. This, too, would be a misapplication of state law which would constitute a fundamental violation of due process and equal protection.

---

1. The possibility I espouse has been recognized, or at least not foreclosed, by both our court and the Supreme Court. *See Pulley*, 465 U.S. at 41, 104 S.Ct. at 874 (failing to reject the claim that "an error of state law could be sufficiently egregious to amount to a denial of equal protection or of due process of law...."); *Jones v. Armontrout*, 953 F.2d 404, 405 (8th Cir.1992) ("An incorrect application of state law, *without more*, does not establish that a prisoner is being held in violation of the laws or Constitution of the United States....").