85 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel F. MARZANO, Petitioner-Appellant,
v.
Kenneth DUCHARME, Respondent-Appellee.
 No. 95-35729.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1996.
Decided May 13, 1996.
 
 1
 Before: FLETCHER, NOONAN, AND RYMER, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 STATEMENT OF FACTS AND PROCEEDINGS BELOW
 
 3
 Daniel Marzano pled guilty to one count of Aggravated First Degree Murder and one count of First Degree Murder in 1980 for the murder of two 18-year-old boys. The trial court sentenced Marzano to one life sentence without the possibility of parole and one life sentence with the possibility of parole, with the sentences to be served consecutively. In 1990, this court held that Marzano's life sentence without parole was illegal because there was "no statutory authority" in the State of Washington to impose such a sentence when a defendant pled guilty. Marzano v. Kincheloe, 915 F.2d 549, 552 (9th Cir.1990). In July, 1991, the trial court modified the sentence to a life sentence with the possibility of parole. The trial court again ordered that Marzano's two life sentences be served consecutively.
 
 
 4
 In 1993, the Washington Indeterminate Sentence Review Board reviewed Marzano's two life sentences and set his minimum term of incarceration as is required under Washington's Sentencing Reform Act. It set his minimum term for Aggravated First Degree Murder at 32 years 4 months (388 months) and his minimum term for First Degree Murder at 25 years (320 months). The Indeterminate Sentence Review Board ordered these terms to run consecutively. Its reasons for doing so were: 1) that the trial court had ordered the sentences to run consecutively; and 2) that the Sentence Reform Act as amended in 1990 (RCW § 9.94A.400) presumed that sentences for the commission of two or more violent crimes would run consecutively.
 
 
 5
 After the Indeterminate Sentence Review Board set his mandatory minimum term, Marzano filed a petition for writ of habeas corpus challenging the Board's decision to run his sentences consecutively; Marzano argued that the Board's reliance on the Sentence Reform Act as amended in 1990 violated the ex post facto clause.
 
 
 6
 The district court summarily dismissed Marzano's petition for writ of habeas corpus on June 16, 1995. Marzano timely appealed to this court.
 
 STANDARD OF REVIEW
 
 7
 A district court's decision to deny a habeas petition is reviewed de novo. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). On review, state court judgments of conviction and sentence are presumptively legal and final. McKenzie v. McCormick, 27 F.3d 1415, 1418 (9th Cir.1994), cert. denied, 115 S.Ct. 916 (1995). A habeas corpus petitioner has the burden of proving that his detention violates the Constitution. Id. A petitioner also has the burden of proving by a preponderance of the evidence the facts underlying the alleged constitutional error. Id. If a petitioner establishes constitutional error, the writ may only be granted if the error caused actual prejudice. Cf. Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993).
 
 ANALYSIS
 
 8
 Marzano argues that the Indeterminate Sentence Review Board's action setting his sentences to run consecutively rather than concurrently violates the ex post facto clause because it relied on the 1990 amendment to the Sentence Reform Act, RCW § 9.94A.400(b), which was enacted long after he committed his crimes. Section 9.94A.400(b) (1990) states that sentences for the commission of two or more violent crimes would presumptively run consecutively. Marzano argues that the Indeterminate Sentence Review Board should have relied on the 1984 version of that law, which provided that sentences for the commission of three or more crimes, one of which was violent, would presumptively run consecutively.
 
 
 9
 Marzano also argues that under the minimum term set by the Board, he will be eligible for parole after serving 40 years. If he had been sentenced to consecutive terms under the indeterminate sentencing scheme in effect in 1980, he would have been eligible for a parole hearing after 26 years and eight months, assuming good time credit. This increase in the amount of time he has to serve before being eligible for parole, Marzano argues, violates the ex post facto clause.
 
 
 10
 In order to establish an ex post facto violation, Marzano must show that the Indeterminate Sentence Review Board's decision disadvantaged him by retroactively increasing the punishment beyond that which was authorized at the time he committed his crimes. Collins v. Youngblood, 497 U.S. 37, 41-43 (1990). Marzano has failed to do so: When Marzano committed his crimes, Washington law presumptively imposed consecutive sentences for the commission of two or more murders. See (former) RCW § 9.92.080 (1971). The trial court in fact imposed consecutive sentences for Marzano's convictions. That the law changed in the interim between the commission of his crimes and his resentencing in 1993 to provide for concurrent sentencing is irrelevant. See Watson v. Estelle, 886 F.2d 1093, 1097 (9th Cir.1989). The actual state of the law at the time Marzano committed his crimes determines whether he had fair notice of the consequences of his actions. Id. at 1096.
 
 
 11
 Moreover, that the consecutive minimum terms of incarceration set by the Indeterminate Sentence Review Board may increase the amount of time Marzano has to serve before being eligible for parole than had he received consecutive life sentences under Washington's former indeterminate sentencing scheme does not constitute a violation of the ex post facto clause. See Powell v. Ducharme, 998 F.2d 710, 714-15 (9th Cir.1993) (holding that the retroactive application of law authorizing the Indeterminate Sentence Review Board to set minimum terms of incarceration for inmates serving life sentences does not violate the ex post facto clause, even when inmate may lose the opportunity of an earlier parole hearing).
 
 CONCLUSION
 
 12
 Because Marzano had notice at the time he committed his crimes that his sentences would presumptively run consecutively, and because there has been no increase in the amount of punishment beyond that authorized at the time he committed his crimes, we AFFIRM the district court's decision to deny Marzano's petition for a writ of habeas corpus.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3