## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 99-60002
Summary Calendar
_____

THOMAS W BOOZER,

Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

Appeal from the Decision
of the United States Tax Court
(9328-97)

August 23, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Thomas Boozer appeals the Tax Court's decision holding him liable for addition to tax based on his failure to file income tax returns. *See* 26 U.S.C. § 6651(a)(1).

We review the Tax Court's findings of fact for clear error and its conclusions of law *de novo*. *See Stanford v. CIR*, 152 F.3d 450, 455 (5th Cir. 1998). In this case, where the parties have stipulated to the facts, the matter of whether or not the taxpayer's failure to file is a question of law subject to *de novo* review. *See id.* (case arising under 26 U.S.C. § 6652).

Boozer says that he was not required to file a tax return until the Government obtained a court order requiring him to file. This argument hinges on the assumption that 26 U.S.C. § 6012's directive to "make" a tax return is not a requirement to "file" a tax return. Boozer maintains that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Tax Court's rejection of this assumption and holding that he was required to file a tax return despite the absence of a court order directing him to file contravened the Fourth Amendment.

Boozer's argument lacks merit. We have construed § 6012's requirement to "make" a tax return as a requirement to "file" a tax return. *See Moore v. CIR*, 722 F.2d 193, 196 (5th Cir. 1984) (observing that the taxpayer has an "obligation to file established by 26 U.S.C. § 6012"); *Steinbrecher v. CIR*, 712 F.2d 195, 198 (5th Cir. 1983) (per curiam) ("Section 6012(a) . . . provides that individuals meeting certain requirements shall file income tax returns." (emphasis deleted)); *see also In re Ripley*, 991 F.2d 440, 444 n.15 (5th Cir. 1991) (indicating that § 6651(a) is a sanction for failing to comply with § 6012(a)). Additionally, we have rejected as "without merit" the contention that requiring the filing of a tax return violates the Fourth Amendment. *Hallowell v. CIR*, 744 F.2d 406, 408 (5th Cir. 1984). "[T]he amendment was not intended to prevent the ordinary procedure . . . of requiring tax returns to be made, often under oath." *Flint v. Stone Tracy Co.*, 220 U.S. 107, 175, 31 S. Ct. 342, 358, 55 L. Ed. 389, ___ (1911); *see also White v. CIR*, 72 T.C. 1126, 1130 (1979) ("It is further established that the requirement for filing ordinary and reasonable returns and respondent's inspection thereof, does not violate a taxpayer's protection against unreasonable search and seizure under the Fourth Amendment.").

Accordingly, we hold that the Tax Court did not err in finding Boozer liable for additions to tax pursuant to § 6651(a)(1), and affirm.