**STATE of Missouri, Respondent,**

v.

**David Lee WETHERINGTON, Appellant.**

**No. WD 41429.**

Missouri Court of Appeals,
Western District.

Oct. 26, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 30, 1993.

Application to Transfer Denied
Jan. 25, 1994.

Gary E. Brotherton, Office of the State
Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen.,
Frank A. Jung, Asst. Atty. Gen., Jefferson
City, for respondent.

Before TURNAGE, C.J., and KENNEDY,
LOWENSTEIN and ULRICH, JJ.

## ON MOTION TO RECALL MANDATE

TURNAGE, Chief Judge.

This is a motion to recall mandate. The
mandate was issued by this court following
the affirmance of Wetherington's conviction
for the manufacture and possession of mari-
juana in *State v. Wetherington*, 780 S.W.2d
724 (Mo.App.1989).

Wetherington was charged in the Circuit
Court of Holt County in November 1987 with
manufacturing and having under his control
marijuana in violation of § 195.020.1, RSMo
1986[1] and punishable under § 195.200.1(1)
by imprisonment for not more than 20 years
or by imprisonment in the county jail for a
term of not less than six months nor more
than one year.

At the Wetherington trial in August 1988,
the jury recommended a sentence of 15 years
imprisonment and in November 1988 the
court followed that recommendation and im-
posed a sentence of 15 years. The conviction
was affirmed by this court on December 12,
1989.[2]

---

1. References to §§ 195.020 and 195.200 refer to
RSMo 1986. These sections were repealed in
1989.

2. The facts in this case are distinguishable from
the facts in *State v. Whardo*, 859 S.W.2d 138 (Mo.
banc 1993) (August 17, 1993), because Wether-

ington was tried and sentenced prior to the pas-
sage of the Act, while the Whardo trial took place
after the Act became effective.

Wetherington contends that his counsel on appeal was ineffective because he did not seek a reduction in Wetherington's sentence under § 1.160, RSMo 1986. Wetherington contends that even though he was tried and sentenced before the Act became effective, the Act became effective before his appeal was fully briefed. The contention is that counsel on appeal should have been aware of the passage of the Act.

Section 1.160 provides:

No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except (1) that all such proceedings shall be conducted according to existing laws; and (2) that if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law.

The question presented is whether or not the punishment for the manufacture and possession of the amount of marijuana involved in this case is less under the Act than it was under the law in effect at the time Wetherington was tried and sentenced.

This court affirmed Wetherington's conviction and sentence of 15 years imprisonment by an order. A memorandum explaining the reason for the order was sent to the parties. In the memorandum this court found that Wetherington and his accomplices had manufactured and had possession of approximately 100 pounds of marijuana.

The Act prohibits the manufacture and possession of marijuana by separate sections and in effect creates different degrees of liability for the offense of manufacturing and for the offense of possession of marijuana depending on the quantity. *State v. Whardo,* 859 S.W.2d 138 (Mo. banc 1993). Section

195.202, RSMo Supp.1989,[3] prohibits the possession of a controlled substance, except as authorized by law. That section declares that any person who violates that section with respect to any controlled substance, except 35 grams or less of marijuana, is guilty of a class C felony. Section 195.223.7(1)(2) provides a person commits the crime of trafficking drugs in the second degree if he possesses more than 30 kilograms of a mixture or substance containing marijuana. If the quantity involved is more than 30 kilograms but less than 100 kilograms the person is guilty of a class B felony.

The Act creates three degrees of criminal liability for the manufacture of a controlled substance. By § 195.211 the manufacture of any controlled substance, except 5 grams or less of marijuana, is a class B felony. Section 195.222.7 provides that a person who manufactures more than 30 kilograms but less than 100 kilograms of marijuana shall be sentenced to the term of imprisonment of a class A felony. A different punishment is fixed for the manufacture of more than 100 kilograms.

Section 558.011.1(2), RSMo Supp.1990, provides that the punishment for a class B felony is a term of years not less than five and not to exceed 15. Section 558.011.1(3) provides the punishment for a class C felony is a term of years not to exceed 7. Section 558.011.1(1) fixes the punishment for a class A felony at a term of years of not less than ten and not to exceed 30, or life imprisonment.

This court found that Wetherington manufactured and possessed 100 pounds of marijuana which is equal to approximately 45,714 grams. Wetherington would be subject to punishment for possession of more than 30 kilograms, or 30,000 grams, of marijuana. Under § 195.223.7(1) his punishment would be the punishment for a class B felony which is a term of years of not less than five nor more than 15. Wetherington manufactured more than 30 kilograms, or 30,000 grams, of marijuana. Under § 195.222.7 the punishment for manufacturing that amount is the punishment for a class A felony which is not less than 10 years and not more than 30, or

**3.** Reference to §§ 195.202, 195.211, 195.222 and 195.223 refer to RSMo Supp.1989.

life imprisonment.[4] Wetherington is not entitled to a reduction of sentence because his 15 year sentence is within the range of punishment under the Act for either possession or manufacture.[5]

In *State v. Sumlin,* 820 S.W.2d 487 (Mo. banc 1991), the court remanded the case for a determination of the amount of cocaine which Sumlin possessed because no judge or jury had found the amount he possessed. *Id.* at 493[14]. In this case, this court has found the amount which was involved in the manufacture and possession by Wetherington so there is no need to remand for a determination of the amount.

Under the Act the amount of marijuana which Wetherington manufactured and possessed would authorize a punishment of 15 years imprisonment. Because that is the punishment assessed, Wetherington is not entitled to relief because he cannot show the Act establishes a lesser penalty than he received.

There is no need to inquire into whether or not counsel for Wetherington on appeal was ineffective for failure to seek a reduction in punishment under § 1.160 because the punishment under the Act is not less than that authorized under the law in effect at the time Wetherington was convicted and sentenced.

Failing to show that he is entitled to a reduction in sentence under the Act, Wetherington's motion to recall the mandate is denied.

All concur.

---

4. The punishment cannot be increased if the Act provides a greater term of imprisonment than the law in effect at the time of trial. *Sumlin* at 492[13].

5. It is not necessary to decide whether or not Wetherington would be subject to punishment separately for the manufacture and for the possession of marijuana under the Act. In this case the punishment assessed of 15 years is within the range of punishment under the Act for either the manufacture or possession of the quantity of marijuana involved.