STATE of Missouri, Respondent,

v.

Mark E. GRAHAM, Appellant.

No. WD 46829.

Missouri Court of Appeals,
Western District.

May 19, 1998.

Mark E. Graham, pro se.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SPINDEN, P.J., ULRICH, C.J., and SMART, J.

## ON MOTION FOR RECALL OF MANDATE

SMART, Judge.

On July 14, 1992, a jury found Mark E. Graham guilty of three counts of sodomy in violation of § 566.060, RSMo 1986. On each count, the jury assessed punishment for a term of twenty years. On September 11, 1992, Mr. Graham was sentenced by the trial court to three consecutive terms of twenty years imprisonment, for a total of sixty years imprisonment. This court affirmed Mr. Graham's conviction in *State v. Graham*, 906 S.W.2d 771 (Mo.App.1995). Mr. Graham was a volunteer leader with a church youth group. On several occasions, he invited students to spend the night at his apartment. Mr. Graham's conviction was based upon evidence that on three different nights he placed his hand inside a ten-year-old child's pajamas and underwear and held the child's penis for between ten and twenty minutes. The facts are discussed in the decision reported above.

Mr. Graham has filed a *pro se* motion to recall the mandate in this case. He claims that he was denied effective assistance of appellate counsel because appellate counsel failed to inform this court that the criminal statute under which Mr. Graham was convicted had been amended and that the amendment took effect while this case was on appeal. Finding merit in Mr. Graham's contentions, we recall the mandate and remand the case to the trial court for resentencing.

### Standard of Review

"To support a motion to recall a mandate due to ineffective assistance of appellate counsel, strong grounds must exist showing that counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it." *Reuscher v. State*, 887 S.W.2d 588, 591 (Mo. banc 1994). To some extent, this standard parallels the plain error rule—the

grounds asserted in the motion must rise to a level of manifest injustice or a miscarriage of justice. *Id.; State v. Zweifel*, 615 S.W.2d 470, 472 (Mo.App.1981).

### Change in Sodomy Laws

At the time Mr. Graham committed his crimes, at the time of his trial, and at the time of his sentencing, § 566.060.3, RSMo 1986 provided that "A person commits the crime of sodomy if he has deviate sexual intercourse with another person to whom he is not married who is less than fourteen years old." "Deviate sexual intercourse" was defined in § 566.010(1) as "any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person." The definition of "deviate sexual intercourse" was amended in 1994. The new definition, effective January 1, 1995, does not include as part of ' "deviate sexual intercourse" the touching of the genitals of one person by the hand of another. Section 566.010(1), RSMo 1994 provides:

> "Deviate sexual intercourse" means any act involving the genitals of one person and the mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person.

Under § 566.030.3, RSMo 1986, deviate sexual intercourse with a person less than fourteen years of age had a range of punishment of five years to life. · Mr. Graham was sentenced within this range of punishment and given three consecutive sentences of 20 years imprisonment.

Under the 1994 revisions to the code, touching the genitals of a young child does not constitute sodomy. Instead, it could constitute first degree child molestation under § 566.067, RSMo 1994. That section, effective January 1, 1995, provides, "A person commits the crime of child molestation in the first degree if he subjects another person who is less than twelve years of age to sexual contact." § 566.067, RSMo 1994. "Sexual contact" is defined as the "touching of another person with the genitals or any touching

of the genitals or anus of another person, or the breast of a female person, for the purpose of arousing or gratifying sexual desire of any person." § 566.010(3), RSMo 1994. Child molestation is classified as a class C felony. The maximum term of imprisonment authorized for a class C felony is seven years. § 558.011(3), RSMo.1994). These changes in the code took effect after Mr. Graham had been convicted and sentenced, but while his appeal was pending. Mr. Graham's conduct, touching the ten-year-old child's penis with his hand on three separate occasions, would constitute child molestation if committed under current law. '

### Application of § 1.160

Mr. Graham's crimes were committed in 1991. He was found guilty on July 14, 1992 and sentenced on September 11, 1992. At that time, § 1.160, RSMo 1986, the statute concerning the effect of the repeal of a penal statute, read:

> No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except:
>
> (1) that all such proceedings shall be conducted according to existing laws; and
>
> (2) that if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law.

In 1993, this section was amended. The 1993 amendment substituted "existing procedural laws" for "existing laws" in subdivision (1) and inserted "prior to original sentencing" in subdivision (2). The amendment to the statute took effect on August 28, 1993, while Mr. Graham's case was on appeal, but after he had been sentenced.

In 1992, at the time Mr. Graham was sentenced, a suit was considered "pending"

for the purposes of § 1.160 until direct review had been exhausted. *See State v. Sumlin,* 820 S.W.2d 487, 490 (Mo. banc 1991); *State v. Jackson,* 836 S.W.2d 1, 8 (Mo.App. 1992). The change in the statute effectively changed its application, limiting the benefit of a reduction in punishment because of the change in a penal statute to the time "prior to the original sentencing." In this case, because the change in § 1.160 became effective after Mr. Graham was sentenced, the earlier version of § 1.160 is applicable. *See Merriweather v. Grandison,* 904 S.W.2d 485, 486 (Mo.App.1995). In *Merriweather* the defendant, who was sentenced under a drug possession statute in effect at the time of her offense, filed a petition for *habeas corpus* alleging that she should have been sentenced under an amended version of the statute. The warden maintained that the court should apply the later version of § 1.160, which had been amended after the defendant had been sentenced. *Id.* at 486. This court disagreed, finding "no support for this position." *Id.* The earlier version of § 1.160 is applicable in this case for another reason. "A law cannot be applied retrospectively if it changes the ingredients of an offense or the ultimate facts necessary to establish guilt or increases the punishment." *State v. Belk,* 759 S.W.2d 257, 259 (Mo.App.1988). Use of the amended version of § 1.160 in this case would increase Mr. Graham's punishment as he would not be entitled to the lessening of punishment for the reclassification of his offense.

■ For the purposes of the statute, Mr. Graham's case was still pending during his appeal to this court at the time the amendment became effective. Had the issue been raised during his direct appeal, we would have been compelled to allow him the benefit of the reduction in punishment due to reclassification of his offense. *See State v. Helmig,* 924 S.W.2d 562, 567 (Mo.App.1996) ("If the law creating the offense is changed, the result being a lessening in punishment, the law is clear that under § 1.160(2), RSMo 1994, the defendant should be sentenced in accordance with the law as modified.") Mr. Graham is not entitled to a new trial, either as to conviction or as to jury assessment of sentence. The range of punishment submitted to the jury at the time of trial was correct at the time of trial. It was only after trial that the amendatory law became effective. The only change authorized by § 1.160 is a reduction in sentence. The offense of which he was convicted remains the same. *Sumlin,* 820 S.W.2d at 492.

### Conclusion

While appellate counsel vigorously represented Mr. Graham in other respects, appellate counsel could and should have raised the sentencing issue on appeal. We hold that Mr. Graham's appellate counsel was ineffective, and that Mr. Graham was prejudiced thereby. The mandate is hereby vacated to the extent that it affirmed Mr. Graham's sentence. The convictions remain in effect. *See State v. Williams,* 844 S.W.2d 562, 564 (Mo.App.1992). The cause is ordered remanded to the trial court for the trial court to sentence the defendant to a term of imprisonment not to exceed seven years for each of the three counts of which he was convicted, all in accordance with the discretion of the trial court.

SPINDEN, P.J., and ULRICH, C.J., concur.