**STATE of Missouri, Respondent,**

v.

**Mark E. GRAHAM, Appellant.**

**No. SC 81976.**

Supreme Court of Missouri,
En Banc.

March 21, 2000.

John R. Shank, Patrick M. Cuezze, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for Respondent.

MICHAEL A. WOLFF, Judge.

After a 1998 court of appeals decision mandating a new sentencing on Mark Graham's three 1992 sodomy convictions, the trial court sentenced Graham to three consecutive four-year terms. For reasons that follow, we affirm the trial court and reject Graham's contention that he was entitled to a jury recommendation on his re-sentencing.

**Factual Chronology and Statutory Changes**

Due in part to statutory changes in the law of sodomy, and in section 1.160 regarding sentencing, this is the third appellate review of sentences imposed upon Mark Graham for his 1992 sodomy convictions. A brief chronology of the case, and the statutory changes, will be helpful.

Graham, a volunteer youth counselor for his church, was convicted in 1992 of three counts of sodomy involving hand to genital contact with a ten year old boy. The jury recommended a 20–year sentence on each count under the law in effect at that time, section 566.060, RSMo Supp.1990. Section 1.160, RSMo 1986, also in effect at that time provided that "if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amenda-

tory law." In September of 1992, the trial court sentenced Graham to three consecutive 20–year terms.

In 1993, while Graham's original appeal was pending, section 1.160 was amended to restrict its application to statutory changes that occur prior to sentencing: "if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense *prior to original sentencing,* the penalty or punishment shall be assessed according to the amendatory law." Section 1.160, RSMo 1994 (emphasis added).

A change in the sodomy law under which Graham was convicted went into effect in January of 1995; under the amended law, Graham's crime would have been first-degree child molestation, which carries a maximum penalty of seven years. Thereafter, the trial court's September 1992 sentences were affirmed in the original appeal. *State v. Graham,* 906 S.W.2d 771 (Mo.App.1995).

In 1998, the court of appeals sustained Graham's *pro se* motion to recall its mandate. *State v. Graham,* 969 S.W.2d 759, 761 (Mo.App.1998). Graham asserted, and the court of appeals agreed, that Graham's appellate counsel in the original 1995 appeal had been ineffective for failing to raise the point that his sentences on each count should have been reduced to a maximum of seven years because of statutory changes that occurred while his case was pending on appeal. *Id.* Graham's crimes had been reclassified as first degree child molestation by section 566.067, RSMo 1994, while the original appeal was pending. In its 1998 decision, the court of appeals held that a change in state law required a lesser sentence and remanded the case to the trial court. *Id.*

Upon remand, the trial court sentenced Graham to three consecutive terms of four years each. On appeal, Graham claims that he was entitled to be re-sentenced by a jury pursuant to section 557.036, RSMo Supp.1990. After opinion by the court of appeals, we granted the state's application for transfer. Mo. Const. art. V, sec. 10.

**Law of the Case Doctrine**

■ Graham maintains that he has the right to have a jury recommend the punishment under the new statutory scheme. The state argues that Graham has no such right and is precluded from litigating the issue further under the law of the case doctrine.

■ The state is correct in asserting that the court of appeals erred in the 1998 *Graham* decision by allowing re-sentencing. When there are changes in statutes defining crimes, section 1.160 provides, in general, that the defendant is entitled to benefit from a reduction in punishment. We have applied section 1.160 several times in recent years. *See State v. Cline,* 808 S.W.2d 822 (Mo. banc 1991); *State v. Sumlin,* 820 S.W.2d 487 (Mo. banc 1991); *State v. Whardo,* 859 S.W.2d 138 (Mo. banc 1993); *State v. Pritchard,* 982 S.W.2d 273 (Mo. banc 1999); *State v. Edwards,* 983 S.W.2d 520 (Mo. banc 1999). In addition, the legislature amended section 1.160 after the *Sumlin* decision to specify that the section only applied to statutory changes that occur prior to the original sentencing. *Pritchard,* 982 S.W.2d at 276.

■ Section 1.160 "does not change the offense of conviction nor does it authorize an increased penalty," so its benefits are neither required by, nor subject to, the prohibition against *ex post facto* laws. *Sumlin,* 820 S.W.2d at 492. The new post-*Sumlin* version of section 1.160, enacted while Graham's case was pending on appeal, also made no change in the offense and did not increase the penalty. *Id.* at 490. Moreover, nothing in the statute itself prohibits its application to pending cases. The new version can and should be applied to Graham's case, not the version in effect at the time of original sentencing.

The new version, section 1.160, RSMo 1994, only allows the reduction of punishment for an offense if the law was altered "prior to original sentencing," which is not

the case here. *See State v. Dean,* 898 S.W.2d 704 (Mo.App.1995); *State v. Davis,* 867 S.W.2d 539 (Mo.App.1993). The new version of section 1.160 did not require Graham to be re-sentenced.

 Though the court of appeals erred in its 1998 decision ordering the trial court to re-sentence Graham, the law of the case doctrine is dispositive. The doctrine provides "that a previous holding in a case constitutes the law of the case and precludes relitigation of that issue on remand and subsequent appeal." *Rodriguez v. Suzuki Motor Corp.,* 996 S.W.2d 47, 61 (Mo. banc 1999). "[T]he decision of a court is the law of the case for all points presented and decided, as well as for matters that arose prior to the first adjudication and might have been raised but were not." *Shahan v. Shahan,* 988 S.W.2d 529, 533 (Mo. banc 1999). The law of the case doctrine prevents successive direct appeals not authorized by statute. *State v. Bohlen,* 698 S.W.2d 577, 579 (Mo.App.1985).

Appellate courts have discretion not to apply the doctrine where there is a mistake, a manifest injustice, or an intervening change of law. *Bandy v. State,* 847 S.W.2d 93, 94–95 (Mo.App.1992). However, neither the state nor Graham sought transfer to this Court of the 1998 court of appeals decision. Both parties thus acquiesced in the 1998 court of appeals decision, and the trial court has re-sentenced Graham in accordance with the court of appeals' mandate.

Graham, in his appeal, claims that it was error for the court of appeals, in 1998, to remand for sentencing by the trial court without a jury. *See* 969 S.W.2d at 761. Graham should have challenged what he perceived as error in the court of appeals' 1998 decision by seeking transfer then. Instead, Graham may very well have made the strategic decision to submit to re-sentencing by the trial court, and then attempt yet another appeal asserting his right to be sentenced by a jury if dissatisfied with the court's sentence. Such gamesmanship is prevented by application of the law of the case doctrine. There is no reason for us not to apply the doctrine in this case.

The judgment is affirmed.

All Concur.