# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-4202

_____

Ricky E. Ferdinand,            *

                                 *

     Appellant,          *

                                 *   Appeal from the United States

    v.                   *   District Court for the

                                 *   Western District of Missouri.

Dave Dormire, Superintendent;   *

Jeremiah (Jay) Nixon, Attorney    *

General, State of Missouri,      *

                                 *

     Appellees.         *

_____

Submitted: January 13, 2000
Filed:  May 8, 2000

_____

Before RICHARD S. ARNOLD, BRIGHT, and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

     Ricky E. Ferdinand, a Missouri prisoner, appeals the district court's[1] denial of his 28 U.S.C. § 2254 petition.  We affirm.

---

    [1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

## I.

On January 12, 1994, a jury found Ferdinand guilty of attempted forcible sodomy, in violation of Mo. Rev. Stat. §§ 564.011.1 (attempt) and 566.060.1 (forcible sodomy). He had committed the offense on August 5, 1992. Ferdinand was sentenced to thirty years imprisonment, the minimum sentence for which he was eligible as a persistent sexual offender, having been convicted in 1987 of forcible rape. See Mo. Rev. Stat. § 558.018.3.

Ferdinand appealed to the Missouri Court of Appeals and moved for postconviction relief in the trial court. The trial court denied his postconviction motion, and Ferdinand appealed. The Missouri Court of Appeals consolidated the appeals and affirmed both Ferdinand's conviction and the denial of his postconviction motion in an unpublished February 27, 1996, opinion. Ferdinand moved to recall the mandate, alleging ineffective assistance of appellate counsel. The Missouri Court of Appeals denied the motion without a written opinion on January 28, 1997.

Ferdinand then filed this § 2254 petition alleging, among other things, ineffective assistance of appellate counsel. The district court denied the petition, Ferdinand appealed, and we granted a certificate of appealability on the following issue: "Was direct appeal counsel ineffective in failing to raise sentencing reduction issues under Mo. Rev. Stat. §§ 1.160, 566.060, including whether application of amended § 1.160 violated the Ex Post Facto Clause?"

## II.

Ferdinand alleges that his state appellate counsel was ineffective for failing to file a motion for resentencing with the Missouri Court of Appeals seeking relief based on an amendment to the Missouri statute under which Ferdinand was convicted.

At the time Ferdinand committed the offense, as well as when he was convicted and sentenced, Missouri defined the offense of forcible sodomy as "deviate sexual intercourse with another person to whom he is not married, without that person's consent by the use of forcible compulsion." Mo. Rev. Stat. § 566.060.1 (1990). Deviate sexual intercourse, in turn, was defined as "any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person." Mo. Rev. Stat. § 566.010.1(2) (1990).

An amendment to the statute defining deviate sexual intercourse took effect on January 1, 1995, after Ferdinand's conviction and sentence but during the pendency of Ferdinand's state appellate and postconviction proceedings. Deviate sexual intercourse was redefined as "any act involving the genitals of one person and the mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person." Mo. Rev. Stat. § 566.010(1) (1994).

Ferdinand contends that, under the amended statute, his offense conduct would no longer constitute attempted forcible sodomy but would instead be attempted sexual misconduct in the first degree. See Mo. Rev. Stat. §§ 566.090.1 (1994) (defining offense as "purposely subject[ing] another person to sexual contact . . . without that person's consent") and 566.010(3) (1994) (defining sexual contact as "any touching of the genitals or anus of another person . . . for the purpose of arousing or gratifying sexual desire of any person"). This offense does not trigger an enhanced sentence under the persistent sexual offender provision, see Mo. Rev. Stat. § 558.018.1, and exposes Ferdinand to no more than one year imprisonment, see Mo. Rev. Stat. §§ 566.090.2 (substantive offense is class D felony due to Ferdinand's prior forcible rape conviction), 564.011.3(4) (attempt is therefore class A misdemeanor), and 558.011.1(5) (authorized term of imprisonment of up to one year).

Ferdinand claims that he is entitled to relief under these amended statutes through the operation of yet another Missouri statute in effect at the time he committed the offense. It provided that if a defendant was prosecuted for an offense and, before his conviction became final, the statute creating the offense was amended to reduce the penalty for the offense, the defendant was entitled to the reduced sentence. See Mo. Rev. Stat. § 1.160 and (2) (1986). This statute was amended in 1993, however, prior to Ferdinand's conviction and sentence, as well as prior to the amendment of the statute defining deviate sexual intercourse. The amended version provides such relief only if the statute creating the defendant's offense is amended prior to the defendant's original sentencing. See Mo. Rev. Stat. § 1.160 and (2) (1994). Ferdinand posits that the version of section 1.160 in effect at the time he committed the offense is the one applicable to him because application of the amended version would violate section 1.160 itself and the Ex Post Facto Clause.

## III.

Ferdinand alleges that his state appellate counsel was ineffective for failing to seek relief under these provisions of Missouri law by filing a motion for resentencing. For his ineffective-assistance claim to be meritorious, however, Missouri law must in fact afford the relief Ferdinand claims his counsel should have pursued. See Grubbs v. Delo, 948 F.2d 1459, 1464 (8th Cir. 1991) (if underlying substantive claim lacked merit, appellate counsel cannot be considered ineffective for having failed to raise it), cert. denied, 506 U.S. 835 (1992). Absent a demonstration of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," Ferdinand's counsel's performance did not prejudice his defense, defeating his ineffective-assistance claim. Strickland v. Washington, 466 U.S. 668, 694, 697 (1984).

The Missouri Supreme Court has recently resolved the issues presented here. See State v. Graham, 13 S.W.3d 290 (Mo. 2000) (en banc). Graham was convicted

-4-

in 1992 of three counts of sodomy involving hand-to-genital contact and sentenced to three consecutive twenty-year terms of imprisonment. While his appeal was pending, the amendments to sections 1.160 and 566.060 went into effect. After the Missouri Court of Appeals affirmed his conviction, Graham moved to recall the mandate, alleging that his appellate counsel had been ineffective for failing to seek relief under the amended statutes. The Court of Appeals granted his motion and ordered resentencing. See State v. Graham, 969 S.W.2d 759 (Mo. App. 1998). Neither party appealed to the Missouri Supreme Court. In an appeal after resentencing, however, the Missouri Supreme Court concluded that the Court of Appeals had erred. See Graham, 12 S.W.3d at 292. It held that the new version of section 1.160 is to be applied to pending cases, and that doing so violates neither the old version of section 1.160 nor the Ex Post Facto Clause. See id. As such, Graham was not entitled to relief arising from the amendment to the sodomy statute, which occurred subsequent to his original sentencing. See id. at 292-93. Nonetheless, under the law of the case doctrine, Graham retained the benefit of the erroneous decision of the Court of Appeals. See id. at 293.

The Missouri Supreme Court's Graham decision disposes of the case before us. The amended version of section 1.160 applies to Ferdinand, and the postsentencing amendment to the statute under which he was convicted affords him no relief. Ferdinand's state appellate counsel cannot be deemed ineffective for having failed to pursue a claim which the Missouri Supreme Court has shown to be unavailing. We can imagine the potential argument that Ferdinand, like Graham, might have been able to secure an erroneous favorable ruling from the Missouri Court of Appeals prior to the Missouri Supreme Court speaking on the matter, but we reject this attenuated possibility. Cf. Jones v. Armontrout, 953 F.2d 404, 405 (8th Cir. 1992).

Finally, to the extent that the correctness of the Missouri Supreme Court's

treatment of the Ex Post Facto Clause is implicated,[2] we agree that the application of the amended version of section 1.160 is not a constitutional violation. See Collins v. Youngblood, 497 U.S. 37, 52 (1990) (Ex Post Facto Clause prohibits "punish[ing] as a crime an act previously committed, which was innocent when done . . . mak[ing] more burdensome the punishment for a crime, after its commission . . . [and] depriv[ing] one charged with crime of any defense available according to law at the time when the act was committed"). Applying the amended version of section 1.160 does not increase Ferdinand's punishment from the level fixed by law at the time he committed the offense.

IV.

We find no violation of Ferdinand's right to effective assistance of counsel or any violation of the Ex Post Facto Clause, and therefore Ferdinand's § 2254 petition was properly denied. Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]The Missouri Supreme Court's interpretation of section 1.160 itself, standing alone, provides no basis for § 2254 relief. See Jones, 953 F.2d at 405.