**STATE of Missouri, Respondent,**

v.

**Gregg A. MAPLES, Appellant.**

**No. WD 70313.**

Missouri Court of Appeals,
Western District.

March 9, 2010.

---

Laura G. Martin, Kansas City, MO, for Appellant.

Chris Koster, Terrence M. Messonnier, and Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

Before James EDWARD WELSH, P.J., MARK D. PFEIFFER, and KAREN KING MITCHELL, JJ.

JAMES EDWARD WELSH, Presiding Judge.

Gregg A. Maples appeals the circuit court's judgment convicting him of forcible rape and forcible sodomy. In his sole point on appeal, Maples asserts that the statute of limitations barred his prosecution, and, therefore, the circuit court erred in overruling his motion to dismiss both charges and in accepting the jury's verdicts and entering judgment and sentence on both counts. We disagree and affirm the circuit court's judgment.

The evidence established that on May 15, 1994, a man displayed a knife in a threatening manner and, without the consent of the victim and by use of forcible compulsion, placed his finger in the victim's vagina and had sexual intercourse with the victim. The victim reported the incident to the police and went to the hospital for examination. Hospital personnel examined the victim, obtained vaginal and cervical swabs, and collected her clothing. Preliminary forensic testing found seminal fluid on the vaginal and cervical swabs and on the victim's underwear. These samples were submitted for DNA testing. A genetic profile was developed from the vaginal swab, and a partial profile was developed from the underwear. No suspects were arrested.

Thirteen years later, in July 2007, a new type of DNA testing was performed on the samples from the vaginal swab and the underwear. The same male genetic profile was found on the vaginal swab and on the underwear. This unknown male genetic profile was submitted to a DNA database and matched the genetic profile of Gregg Maples.

On October 5, 2007, the police questioned Maples about the May 15, 1994 incident, and Maples stated that he was guilty. Maples consented to provide a

buccal swab for DNA testing, and analysis of that buccal swab confirmed that Maples was the source of the male DNA found on the victim's underwear and vaginal swab.

On November 30, 2007, the State charged Maples by indictment with one count of forcible sodomy, one count of attempted forcible rape, one count of forcible rape, and one count of robbery in the first degree. The State alleged that these counts occurred on May 15, 1994. Subsequently, on the morning of trial, the State filed an information in lieu of indictment, which added the allegation that Maples was a prior offender and listed additional witnesses.

Prior to the start of jury selection, Maples filed a motion to dismiss the three sex offenses claiming that the statute of limitations had expired for all three offenses. The circuit court denied the motion to dismiss. After the close of the State's evidence, the circuit court entered judgments of acquittal on the offenses of attempted forcible rape and robbery in the first degree. The jury returned verdicts finding Maples guilty of forcible rape and forcible sodomy.

Maples timely filed a motion for new trial. In this motion, Maples asserted that the circuit court erred in failing to dismiss the counts of forcible rape and forcible sodomy because of the running of the statute of limitations. The circuit court denied the motion for new trial and sentenced Maples to concurrent imprisonment terms of twenty years for forcible rape and eighteen years for forcible sodomy. Maples appeals.

In his only point on appeal, Maples asserts that the statute of limitations barred his prosecution for forcible rape and forcible sodomy, and, therefore, the circuit court erred in overruling his motion to dismiss both charges and in accepting the jury's verdicts and entering judgment and sentence on both counts. We disagree.

The determination of whether or not a statute of limitations applies is a question of law and is reviewed *de novo* by this court. *State v. Rains*, 49 S.W.3d 828, 831 (Mo.App.2001).

The offenses at issue occurred on May 15, 1994. At that time, section 566.030, RSMo Cum.Supp.1993, provided that the penalty for forcible rape was five years to thirty years or life imprisonment, unless there was an aggravated circumstance such as the display of a dangerous instrument. If a dangerous instrument was displayed, the offense became a class A felony. § 566.030. Section 566.060, RSMo Cum.Supp.1993, contained similar provisions for forcible sodomy. The offenses at issue in this case involved displaying a dangerous weapon. Thus, at the time of the offenses, both offenses were class A felonies. Further, at the time of the offenses, and at all subsequent times, the range of punishment for a class A felony was ten to thirty years or life imprisonment. § 558.011.1(1), RSMo. Moreover, the statute of limitations in effect at the time when the offenses were committed said:

1. A prosecution for murder or any class A felony may be commenced at any time.

2. Except as otherwise provided in this section, prosecutions for other offenses must be commenced within the following periods of limitation:

(1) For any felony, three years[.]

§ 556.036, RSMo 1986.

In 1994, the General Assembly amended sections 566.030 and 566.060, with the amendments becoming effective on January 1, 1995. In relevant part, the amendments deleted the express element of without consent from forcible rape and forcible

sodomy and altered the ranges of punishment for the two offenses. §§ 566.030 and 566.060, RSMo 1994. In particular, the ranges of punishment for forcible rape and forcible sodomy became not less than five years or life imprisonment, thereby permitting sentences of a term of years in excess of thirty years. §§ 566.030 and 566.060, RSMo 1994. Likewise, the range of punishment for forcible rape and forcible sodomy in which a dangerous weapon was displayed in a threatening manner became not less than ten years or life imprisonment, thereby permitting sentences for a term of years in excess of thirty years.[1] §§ 566.030 and 566.060, RSMo 1994. The minimum punishments for forcible rape and forcible sodomy with or without the displaying of a dangerous weapon in a threatening manner remained the same. §§ 566.030 and 566.060, RSMo 1994. The amended sections 566.030 and 566.060, however, no longer stated that, if a dangerous instrument was displayed, the offenses became class A felonies.

At the time that sections 566.030 and 566.060 were amended, section 1.160, RSMo Cum.Supp.1993, provided:

No offense committed and no fine, penalty or forfeiture incurred or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be effected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except:

(1) That all such proceedings shall be conducted according to existing *procedural* laws; and

(2) That if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law.

(Emphasis added.)

Subsequent to 1994, the General Assembly amended sections 1.160, 556.036, 566.030, and 566.060.[2] In particular, section 1.160 was amended in 2005 to eliminate the second exception dealing with sentence reductions. Section 556.036 was amended in 1997, 1999, 2002, 2005, 2006, and 2009. Specifically, the 2002 amendment provided that there was no statute of limitations for forcible rape, attempted forcible rape, forcible sodomy, or attempted forcible sodomy. The 2006 amendment provided that a prosecution is commenced for a felony when the complaint or indictment is filed.[3] The charges in this case were filed in 2007. The relevant language of section 556.036.1, providing that prosecutions for class A felonies "may be commenced at any time," has remained unaltered from the time of Maples's offenses in 1994 to the present.

Maples acknowledges that, at the time that the offenses in this case were committed, the offenses were class A felonies and that there was no statute of limitations for either offense. Maples asserts, however, that the amendments to sections 566.030 and 566.060, which took effect on January

---

1. For forcible rape, the current version of section 566.030 says that for a forcible rape offense in which a dangerous weapon is displayed in a threatening manner the "the authorized term of imprisonment is life imprisonment or a term of years not less than fifteen years[.]" § 566.030, RSMo Cum.Supp.2009.

2. Section 566.030 and 566.060 were amended in 1998, 2006, and 2009, but none of those amendments are relevant to the issues in this case.

3. The other amendments to section 556.036 are not relevant to the issues in this case.

1, 1995, altered the charged offenses to unclassified felonies, and, therefore, the statute of limitations for the charged offenses was three years. Maples argues that, pursuant to section 1.160, RSMo Cum.Supp.1993, he was entitled to any benefit in the reduction of sentences under the amendments to sections 566.030 and 566.060 for the offenses of forcible rape and forcible sodomy. According to Maples, he was entitled to the ultimate reduction of sentence—to no sentence at all—due to the expiration of the three-year statute of limitations on these unclassified felonies. Therefore, Maples contends that, because the State did not file an information or indictment within three years from the effective date (January 1, 1995) of the amendments to sections 566.030 and 566.060, the State was barred from prosecuting him on these counts. We disagree.

 Pursuant to the previous version of section 1.160, a "defendant will be sentenced according to the law in effect at the time the offense was committed unless a *lesser punishment* is required by a change in the law creating the offense itself." *State v. Johnson,* 150 S.W.3d 132, 138 (Mo. App.2004) (emphasis added). Sections 566.030 and 566.060 create the offenses of forcible rape and forcible sodomy. In this case, the amendments of sections 566.030 and 566.060 changing the offenses of forcible rape and forcible sodomy when a dangerous instrument is displayed in a threatening manner from class A felonies to unclassified felonies is not a reduction in

punishment. Indeed, under the May 1994 versions and under the amended versions effective January 1, 1995, two sentencing options were available to the courts for the offenses of forcible rape and forcible sodomy when a dangerous instrument was displayed in a threatening manner. One option was to impose a sentence of life imprisonment, and the other option was to impose a sentence of a term of years, with the minimum sentence being ten years.[4] The amendments to 566.030 to 566.060 did not reduce either the maximum or minimum punishment for forcible rape and forcible sodomy. *See State v. Banks,* 259 S.W.3d 49, 53 (Mo.App.2008). Moreover, under the amended version of section 1.160, courts no longer have to address whether the penalty or punishment for any offense is reduced by any alteration of the law creating the offense prior to original sentencing, because the General Assembly deleted that provision from section 1.160. § 1.160, RSMo Cum.Supp.2009.[5] Thus, the circuit court did not err in denying Maples's motion to dismiss these charges and in accepting the jury's verdicts and entering judgment and sentence on both counts.

To the extent that Maples argues that the statute of limitations in section 556.036 somehow reduced his punishment, we are not persuaded. Statutes of limitations are procedural laws. *State v. Casaretto,* 818 S.W.2d 313, 316 (Mo.App.1991). At the time Maples committed the offenses, there was no statute of limitations for either

---

4. The amendments did change the maximum sentence amounts under the option for a term of years. That change, however was not a reduction to the maximum sentence; it was an increase. Instead of a maximum sentence of thirty years, as was the case for the older versions of the statutes for forcible rape and forcible sodomy, the amendments to sections 566.030 and 566.060 did not have a maximum sentence.

5. However, "[c]hanges in the law which increase the punishment ... are [still] subject to ex post facto prohibition." *State v. White,* 247 S.W.3d 557, 565 (Mo.App.2007). "An ex post facto law is one which proscribes an act criminal not so proscribed when committed or one which enlarges the penalty after the violation." *State v. Jackson,* 896 S.W.2d 77, 83 (Mo.App.1995).

offense. Further, at the time the State filed the indictment against Maples, there was no statute of limitations for either offense. Thus, under section 1.160, the current version of section 556.036 is an "existing law" under which the proceedings had to be conducted. *Longhibler v. State*, 832 S.W.2d 908, 910 (Mo. banc 1992). Accordingly, "[a] prosecution for murder, forcible rape, attempted forcible rape, forcible sodomy, attempted forcible sodomy, or any class A felony may be commenced at any time." § 556.036.1.

Moreover, the changes to sections 566.030 and 566.060, which changed the offenses of forcible rape and forcible sodomy, if a dangerous instrument was displayed, from a class A felony to an unclassified felony, are irrelevant to this appeal. The statutes at the time the offenses occurred established that when a person commits the acts of forcible rape and forcible sodomy while displaying a dangerous instrument he or she is guilty of class A felonies. "Any crime that is committed prior to the amendment of a penal law is unaffected by that amendment, even though sentencing might be affected by the change." *State v. Smith*, 988 S.W.2d 71, 82 (Mo.App.1999). "Section 1.160 'does not change the offense of conviction....'" *State v. Graham*, 13 S.W.3d 290, 292 (Mo. banc 2000) (citation omitted).

Indeed, in the *Smith* case, the defendant was charged with the class C felony of stealing based on the theft of property valued at over $150.00. 988 S.W.2d at 74. Between the date of the offense and the date of the appeal, section 570.030, RSMo, was amended to increase the value of property required to make stealing a felony from $150.00 to $750.00. *Id.* at 82. On appeal, the defendant claimed that, as a result of the amendment, his offense was now a misdemeanor and that he was entitled to the benefit of the statute of limitations for a misdemeanor. *Id.* This court rejected that claim and found that the defendant was still facing charges of the class C felony of stealing even though the amendment to the statute would entitle him to have the sentence reduced to the range for a misdemeanor. *Id.*[6] The same is true in this case. Regardless of the

---

**6.** We acknowledge that in *State v. Bowles*, 23 S.W.3d 775, 780 n. 3 (Mo.App.2000), this court distinguished the *Smith* case. In *Bowles*, the defendant claimed that the circuit court plainly erred in sentencing him to twenty years for stealing $150.00 or more because the General Assembly had reclassified the offense of stealing by amending section 570.030, RSMo. *Id.* at 778. Therefore, the defendant argued that he was entitled to the benefit of the reduction in sentence. *Id.* at 778. This court reversed the circuit court's judgment and remanded for a sentencing hearing. *Id.* at 783. In remanding, this court said that Bowles was entitled to have a jury make a finding on the value of the property, and, if the jury found that the property's value was less than $750.00, the circuit court should "reduce the penalty to a Class A misdemeanor and sentence accordingly." *Id.* at 780. In distinguishing *Smith*, the *Bowles* court said: "The Smith court also acknowledged that, by remanding the case for a new trial, it was not remanding for a trial on a misdemeanor charge. Because, however, the Smith case concerned only whether the case could be remanded for a new trial and not what penalty or punishment could be imposed in light of the amendment to § 570.030.3(1), its rationale is not instructive." *Id.* at 780 n. 3. We do not believe that in remanding the case for sentencing only that the *Bowles* court could change the offense of conviction. Indeed, such would be contrary to the Supreme Court's instruction that "[s]ection 1.160 'does not change the offense of conviction[.]'" *Graham*, 13 S.W.3d at 292 (citation omitted). The *Bowles* court, however, was correctly remanding for sentencing and instructing that, if the jury found that the value of the property was less than $750.00, then the circuit court should assess sentence in accordance with that required of a class A misdemeanor. *Bowles*, 23 S.W.3d at 780. If, however, the jury found that the value of the property was over $750.00, the *Bowles* court instructed that the

amendments to sections 566.030 and 566.060, Maples was still guilty of class A felonies. But, unlike the *Smith* case, Maples is not entitled to have his sentence reduced because, as discussed previously, the amendments to section 566.030 and 566.060 did not change the range of punishment.

Because the offenses that Maples was charged with and convicted of remain the class A felonies of forcible rape and forcible sodomy due to the displaying of a dangerous weapon in a threatening manner, the statute of limitations remained unaltered. For class A felonies, prosecution could be "commenced at any time." § 556.036.1. As such, the statute of limitations for these offenses had not expired, and the circuit court did not err in denying Maples's motion to dismiss these charges and in accepting the jury's verdicts and entering judgment and sentence on both counts.

We, therefore, affirm the circuit court's judgment.

All concur.

circuit court should assess sentence in accordance with that required of a class C felony for a persistent offender. *Id.*