

# Missouri Court of Appeals

## Southern District

### Division One

WESLEY HATMON,  )
          )
    Movant-Appellant,  )
          )
v.          )    No. SD37074
          )    Filed:  March 31, 2022
STATE OF MISSOURI,  )
          )
    Respondent-Respondent.  )

APPEAL FROM THE CIRCUIT COURT OF DALLAS COUNTY

Honorable Lisa Carter Henderson, Associate Circuit Judge

**OPINION ON MOTION FOR REHEARING**

After the issuance of this Court's opinion, the State filed a timely motion for rehearing. *See* Rule 84.17. The State contends Movant's initial *pro se* motion was not timely filed. We are precluded from reconsidering that issue in this subsequent appeal. The law-of-the-case doctrine provides that a previous holding in a case constitutes the law of the case and precludes relitigation of that issue on remand and subsequent appeal. ***State v. Graham***, 13 S.W.3d 290, 293 (Mo. banc 2000). The decision of a court is the law of the case for all points presented and decided. ***Id***.

Appellate courts have an independent duty to enforce the mandatory time limits for the initial and amended motions in Rule 24.035 and Rule 29.15. ***Bearden v. State***, 530

S.W.3d 504, 506 (Mo. banc 2017); *Price v. State*, 422 S.W.3d 292, 297 (Mo. banc 2014); *see* *Huskey v. State*, 635 S.W.3d 886, 887-88 (Mo. App. 2021); *Harness v. State*, 611 S.W.3d 909, 912 (Mo. App. 2020). It is settled law that, if an initial Rule 24.035 motion is untimely, neither the motion court nor the appellate court has any authority to address the merits of the movant's post-conviction claims. *See* *Goldberg v. State*, 635 S.W.3d 599, 607 (Mo. App. 2021); *Miller v. State*, 386 S.W.3d 225, 227 (Mo. App. 2012). If a motion court has addressed the merits without authority, an appellate court is required to vacate that decision and remand with instructions to dismiss the initial motion as untimely filed. *See, e.g.*, *McNabb v. State*, 610 S.W.3d 368, 373 (Mo. App. 2020).

In the first appeal, we implicitly decided that the initial *pro se* motion was timely because we did not remand with instructions to dismiss the post-conviction proceeding. *See* *Hatmon v. State*, 603 S.W.3d 927, 928 (Mo. App. 2020). Instead, we remanded the case with instructions for the motion court to conduct an independent inquiry to determine whether Movant had been abandoned. *Id*. If the motion court did find abandonment, it would have to treat the amended motion as timely filed and adjudicate that motion on the merits. *See* *Moore v. State*, 458 S.W.3d 822, 826 (Mo. banc 2015). If the motion court did not find abandonment, it would have to adjudicate the initial motion on the merits. *Id*. at 825. After we issued that opinion, the State did not file a motion for rehearing or an application for transfer challenging the timeliness of the initial motion.

In sum, we had to decide the initial *pro se* motion was timely to remand for an abandonment inquiry. Relitigation of the timeliness issue of the initial motion is precluded by the law-of-the-case doctrine in this subsequent appeal. *Graham*, 13 S.W.3d at 293. The State's motion for rehearing is denied.

2

JEFFREY W. BATES, J. – OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCUR

JACK A. L. GOODMAN, J. – CONCUR